**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IK CHAN CHOI**, | ) |
| Plaintiff, | ) Case No.:  08 C 3313 |
| -vs- | ) Judge:  John F. Grady |
| **MARRIOTT CORPORATION**, a corp., | ) Magistrate:  Sidney I. Schenkier |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COMES** Defendant, **RENAISSANCE HOTEL OPERATING COMPANY**, incorrectly named as Marriott Corporation, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Answer to Plaintiff's Complaint at Law, states the following:

1.  On and long prior to August 5, 2007, the Defendant, Marriott Corporation, owned, managed, operated, maintained, and controlled, both directly and indirectly, individually and through its agents, servants and employees, a certain hotel known as the Renaissance Hotel Chicago, located at One West Wacker Drive in the City of Chicago, County of Cook, in the State of Illinois.

**Answer**: Renaissance Hotel Operating Company admits that at the time and place of the occurrence alleged in Plaintiff's Complaint, and prior thereto, it managed and operated the hotel premises and admits that it maintained or caused to be maintained said premises.  Further answering, Renaissance Hotel Operating Company states that the allegation of control of the premises states an improper legal conclusion and moves that said allegation be stricken.  To the extent any answer to that allegation is required, said allegation is denied.  Further answering, Renaissance Hotel Operating Company

denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint at Law.

2. That on or before August 5, 2007, Defendant invited the general public, including the Plaintiff, to use an outside circular driveway to enter and exit the hotel premises and for taxis to drop off and pick up hotel guests outside the hotel lobby.

**Answer**: Renaissance Hotel Operating Company admits the allegations contained in paragraph 2 of Plaintiff's Complaint at Law.

3. That it then and there became and was the duty of the defendant individually and by and through their agents, servants and employees, to keep the premises in a reasonably safe condition for plaintiff and other persons lawfully in and about the hotel, and further, not to create or allow any dangerous conditions to exist on or about the premises.

**Answer**: Renaissance Hotel Operating Company states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

4. That at the above time and place, Plaintiff, Ik Chan Choi, a taxicab driver, was lawfully on the subject premises, waiting in the circular driveway line, and assisting a fare paying customer into his taxicab.

**Answer**: Renaissance Hotel Operating Company is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiff's Complaint at Law.

5. That, disregarding its stated duty, defendant, Marriott Corporation, by its agents, employees and servants, committed the following acts and omissions:

    a. Failed to provide a good, safe and proper lace for plaintiff to be, use, and walk on.

    b.    Failed to provide a good, safe and proper means of ingress and egress to and from the circle drive area into the hotel premises.

    c.    Allowed and permitted the entrance to the premises to become and remain in a dangerous and slippery condition when it became wet.

    d.    Failed to warn plaintiff and others of the dangerous, defective and slippery condition of the subject entryway.

**Answer**: Renaissance Hotel Operating Company denies each and every allegation contained in Paragraph 5 of Plaintiff's Complaint at Law, including each and every allegation contained in subparagraphs (a) through (d), inclusive.

6.    That as a direct and proximate result of one or more of these negligent acts and/or omissions of defendant, by and through its agents, servants and employees, the Plaintiff Ik Chan Choi, was caused to fall violently to the ground.

**Answer**: Renaissance Hotel Operating Company denies each and every allegation contained in paragraph 6 of Plaintiff's Complaint at Law.

7.    That as a direct and proximate result of this fall, the Plaintiff, Ik Chan Choi, has suffered severe, extensive and permanent injuries, both externally and internally, and was and will continue to be hindered in attending to his usual duties and affairs, and has lost and in the future will lose the value of this time. As a result of these injuries, Plaintiff has become liable for large sums of medical bills and will expend or will become liable for additional medical bills in the future.

**Answer**: Renaissance Hotel Operating Company denies each and every allegation contained in paragraph 7 of Plaintiff's Complaint at Law.

**WHEREFORE**, Defendant, **RENAISSANCE HOTEL OPERATING COMPANY**, denies that Plaintiff, **IK CHAN CHOI,** is entitled to judgment against it in the sum sought or in any sum whatsoever, and further prays that judgment and costs be entered in favor of the Defendant and against the Plaintiff.

## AFFIRMATIVE DEFENSE

**NOW COMES** Defendant, **RENAISSANCE HOTEL OPERATING COMPANY**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and in the alternative and in addition to its Answer to Plaintiff's Complaint at Law, states that the Plaintiff, **IK CHAN CHOI**, was careless in one or more or all of the following respects, which proximately caused the injuries and damages of which he complains:

(a) Carelessly and negligently failed to maintain a proper lookout for his own safety;

(b) Was otherwise careless and negligent.

**WHEREFORE**, Defendant, **RENAISSANCE HOTEL OPERATING COMPANY**, prays for judgment and costs of suit in the event that Plaintiff is found to be more than fifty (50%) percent at fault for causing his own injuries and damages, or in the alternative, prays for a reduction of any damages awarded to the Plaintiff in proportion to the percentage of Plaintiff's own contributory fault.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:_____s/Robert M. Burke
    Robert M. Burke, one of the
    Attorneys for Renaissance
    Hotel Operating Company

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347