# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3313 | **DATE** | July 15, 2008 |
| **CASE TITLE** | Choi v. Marriott Corp., et al. | | |

**DOCKET ENTRY TEXT**

Rule 16 conference held in chambers. Plaintiffs are given leave to amend the complaint to name the Renaissance Corporation within 14 days. The parties should proceed with the above indicated discovery and the defendant is give leave to file any third-party complaint on or before October 31, 2008. The parties should proceed with paper discovery prior to the defendants' decision as to whether to file a third-party complaint, but depositions should await that decision. A status conference is set for November 5, 2008 at 11:00 a.m. SEE DETAILS BELOW.

■ [ For further details see text below.]     Notices mailed by judge's staff.

00:40

## STATEMENT

Rule 16 conference held in chambers. This is a diversity personal injury claim brought by a taxi driver who slipped and fell on the driveway of the Renaissance Hotel on Wacker Drive in Chicago. It had been raining and plaintiff's claim is that the driveway was dangerously slippery. Plaintiff fell when he got out of his cab and his feet went out from under him. The present defendant is Marriott Corporation, but the actual owner-operator of the premises is the Renaissance Operating Co. Plaintiffs are given leave to amend the complaint to name the Renaissance corporation within 14 days.

This is a recent complaint and the investigation is in its early stages. It appears that two companies did some resurfacing of the driveway in the same year as the accident, but defendant is not clear as to whether the resurfacing occurred before or after the accident. If it occurred before, defendant will want to investigate to see whether the treatment applied may have affected the slipperiness of the surface, and, if so, to consider joining one or both of these companies as third-party defendants.

Plaintiff's injury was a broken hip which was repaired with screws and there has been a good recovery. He lost about $10,000 in earnings and incurred $60,000 in medical bills, all of which was paid by Medicare (which has a lien for the reduced amount they paid the providers, but nothing more).

The parties should proceed with the above indicated discovery and the defendant is give leave to file any third-party complaint on or before October 31, 2008. The parties should proceed with paper discovery prior to the defendants' decision as to whether to file a third-party complaint, but depositions should await that decision. A status conference is set for November 5, 2008 at 11:00 a.m.