IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IK CHAN CHOI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 3313 |
| ) | |
| RENAISSANCE HOTEL OPERATING ) | Judge: John F. Grady |
| COMPANY, a corporation, ) | |
| ) | Magistrate: Sidney I. Schenkier |
| ) | |
| Defendant. ) | **JURY DEMAND** |

## AMENDED COMPLAINT AT LAW

NOW COMES plaintiff, IK CHAN CHOI, leave of Court first had and duly obtained and files this Amended Complaint at Law and says:

1. On and long prior to August 5, 2007, the defendant, RENAISSANCE HOTEL OPERATING COMPANY, owned, managed, operated, maintained and controlled, both directly and indirectly, individually and through its agents, servants and employees, a certain hotel known as the Renaissance Hotel Chicago, located at One West Wacker Drive in the City of Chicago, County of Cook, in the State of Illinois.

2. That on or before August 5, 2007, defendant invited the general public, including the plaintiff, to use an outside circular driveway to enter and exit the hotel premises and for taxis to drop off and pick up hotel guests outside the hotel lobby.

3. That it then and there became and was the duty of the defendant, individually and by and through their agents, servants and employees, to keep the premises in a reasonably safe condition for the plaintiff and other persons lawfully in and about the hotel, and further, not to create or allow any dangerous conditions to exist on or about the premises.

4. That at the above time and place, plaintiff, IK CHAN CHOI, a taxicab driver, was lawfully on the subject premises, waiting in the circular driveway line, and assisting a fare paying customer into his taxicab.

5. That, disregarding its stated duty, defendant, RENAISSANCE HOTEL OPERATING COMPANY, by its agents, employees and servants, committed the following acts and omissions:

   a. failed to provide a good, safe, and proper place for plaintiff to be, use, and walk on.

   b. Failed to provide a good, safe and proper means of ingress and egress to and from the circle drive area into the hotel premises.

   c. Allowed and permitted the entrance to the premises to become and remain in a dangerous and slippery condition when it became wet.

   d. Failed to warn plaintiff and others of the dangerous, defective and slippery condition of the subject entryway.

6. That as a direct and proximate result of one or more of these negligent acts and/or omissions of defendant, by and through its agents, servants and employees, the plaintiff, IK CHAN CHOI, was caused to fall violently to the ground.

7. That as a direct and proximate result of this fall, the plaintiff, IK CHAN CHOI, has suffered severe, extensive and permanent injuries, both externally and internally, and was and will continue to be hindered in attending to his usual duties and affairs, and has lost and in the future will lose the value of this time. As a result of these injuries, plaintiff has become liable for large sums of medical bills and will expend or will become liable for additional medical bills in the future.

WHEREFORE, plaintiff, IK CHAN CHOI, asks for judgment against the defendant, RENAISSANCE HOTEL OPERATING COMPANY, for a fair and reasonable amount in excess

of FIFTY THOUSAND DOLLARS ($50,000.00).

                                                  IK CHAN CHOI, Plaintiff

BY: _____
            GARY K. LAATSCH
            One of Plaintiff's Attorneys

## JURY DEMAND

Plaintiff, IK CHAN CHOI, hereby demands a trial by jury.

                                                  IK CHAN CHOI, Plaintiff

BY: _____
            GARY K. LAATSCH
            One of Plaintiff's Attorneys

PAVALON, GIFFORD & LAATSCH
Two North LaSalle Street, Suite 1600
Chicago, IL 60602
312-419-7400