IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IK CHAN CHOI,** ) | |
| ) | |
| Plaintiff, ) | Case No.:  08 C 3313 |
| ) | |
| -vs- ) | Judge:  John F. Grady |
| ) | |
| **RENAISSANCE HOTEL OPERATING** ) | |
| **COMPANY,** ) | Magistrate:  Sidney I. Schenkier |
| ) | |
| Defendant. ) | |

**MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

**NOW COMES** Defendant, **RENAISSANCE HOTEL OPERATING COMPANY,** by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and moves this Honorable Court for leave to file its Third Party Complaint against **NATIONAL DECORATING SERVICE, INC.**, instanter.  In support thereof, Defendant states the following:

1. The above captioned lawsuit arises from Plaintiff's claim that he slipped and fell on the driveway of the Renaissance Hotel located at One West Wacker Drive in the City of Chicago, County of Cook, and State of Illinois on August 5, 2007.

2. Defendant's investigation has established that National Decorating Service, Inc. was hired to perform certain work on said driveway and that between July 3, 2007 and July 9, 2007, National Decorating Service, Inc. repaired and resurfaced the driveway where Plaintiff was allegedly injured, less than one month after said driveway was resurfaced by National Decorating Service, Inc.

3. This Honorable Court has entered an Order granting Defendant leave to file any Third Party Complaint on or before October 31, 2008.

4. Defendant seeks leave to file its Third Party Complaint well within the applicable two (2) year statute of limitations applicable to contribution and indemnity actions.

**WHEREFORE,** Defendant, **RENAISSANCE HOTEL OPERATING COMPANY**, prays that this Honorable Court grant it leave to file the attached Third Party Complaint instanter.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: /s/Robert M. Burke
Robert M. Burke, one of the
Attorneys for Renaissance Hotel
Operating Company

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IK CHAN CHOI,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  08 C 3313 |
| | ) | |
| -vs- | ) | Judge:  John F. Grady |
| | ) | |
| **RENAISSANCE HOTEL OPERATING COMPANY,** | ) ) | Magistrate:  Sidney I. Schenkier |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| **RENAISSANCE HOTEL OPERATING COMPANY,** | ) ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **NATIONAL DECORATING SERVICE, INC.** | ) ) | |
| Third Party Defendant. | ) | |

**THIRD PARTY COMPLAINT FOR CONTRIBUTION**

**NOW COMES** Defendant, **RENAISSANCE HOTEL OPERATING COMPANY**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Third Party Complaint for Contribution against **NATIONAL DECORATING SERVICE, INC.**, pled in the alternative and in addition to its answer, states the following:

**JURISDICTION AND VENUE**

1.  The Plaintiff, Ik Chan Choi, is a resident and citizen of the State of Illinois.

2.  Defendant/Third Party Plaintiff, Renaissance Hotel Operating Company**,** a Delaware corporation, is a citizen of the States of Delaware and Maryland.

3. Pursuant to 28 U.S.C., Section 1441, et. Seq., and based upon the diversity of citizenship of the Plaintiff from the Defendant, this action was properly removed to Federal Court and remains pending in Federal Court.

4. Venue is proper in this judicial district in that the accident alleged occurred in Cook County, Illinois, which is within the confines of the Eastern Division of the Northern District of Illinois. See 28 U.S.C. Section 1391(a) and 28 U.S.C. Section 93(a).

**ALLEGATIONS COMMON TO BOTH COUNTS OF THIRD PARTY ACTION**

5. Plaintiff, Ik Chan Choi, has filed a complaint herein alleging that he was injured on or about August 5, 2007 in the circular driveway at the Renaissance Hotel Chicago, One West Wacker Drive in the City of Chicago, Cook County, in the State of Illinois. Plaintiff alleges that he was injured when he slipped and fell in the circular driveway of the hotel due to the slippery condition of that driveway.

6. Renaissance Hotel Operating Company filed its Answer and Affirmative Defense denying all of the allegations of negligence attributed to it and denying liability for Plaintiff's injuries and damages.

7. Prior to the date of the occurrence, Renaissance Hotel Operating Company contracted with National Decorating Service, Inc. to repair and re-surface the stamped concrete circular driveway at One West Wacker Drive, Chicago, Illinois where the Plaintiff allegedly slipped and fell.

8. Between July 3, 2007 and July 9, 2007, National Decorating Service, Inc., pursuant to the aforesaid agreement, repaired and resurfaced the driveway.

9. The Plaintiff has alleged that he slipped and fell in the driveway on August 5,

2007, less than one month after said driveway was resurfaced by National Decorating Service, Inc.

### Count I - Contribution

10. As the entity responsible for the resurfacing and repairing the circular driveway where Plaintiff allegedly fell, Third Party Defendant, National Decorating Service, Inc. owed a duty to Renaissance Hotel Operating Company, to the Plaintiff, and to others to exercise reasonable care in the product selection the re-surfacing of the circular driveway located at One West Wacker Drive, Chicago, Illinois.

11. While the Defendant/Third Party Plaintiff denies that it is liable for the Plaintiff's injuries and damages, in the alternative to those denials, Defendant/Third Party Plaintiff states that Third Party Defendant, National Decorating Service, Inc. caused or contributed to cause the Plaintiff's injuries and damages in one or more or all of the following respects:

(a) Carelessly and negligently failed to properly install or apply the surface treatment to the stamped concrete driveway located at One West Wacker Drive, Chicago, Illinois.

(b) Carelessly and negligently failed to properly choose a safe surface treatment for the stamped concrete driveway located at One West Wacker Drive, Chicago, Illinois.

(c) Was otherwise careless and negligent.

12. As a direct and proximate result of one or more or all of the aforesaid acts and/or omissions of Third Party Defendant, the Plaintiff allegedly sustained injuries and damages.

13. Defendant/Third Party Plaintiff denies any liability to the Plaintiff; however, if the Plaintiff proves that he is entitled to any recovery whatsoever, then Defendant/Third Party Plaintiff asserts that its liability is far less in degree than that of the Third Party Defendant.

15     In the alternative to the denials contained in this Defendant's Answer, this Defendant/Third Party Plaintiff asserts that it is entitled to contribution from Third Party Defendant, National Decorating Service, in an amount equal to the sum which Third Party Defendant's percentage of fault proximately caused or contributed to cause the Plaintiff's injuries and damages, all in accordance with the Illinois Joint Tortfeasor Contribution Act.

WHEREFORE, Defendant/Third Party Plaintiff, RENAISSANCE HOTEL OPERATING COMPANY, prays that judgment be entered in its favor and against Third Party Defendant, NATIONAL DECORATING SERVICE, INC. in an amount equal to the sum which would represent the relative degree to which the fault of Third Party Defendant proximately caused Plaintiff's injuries and damages plus costs of suit.

### Count II – Indemnification

16.    A pre-tort relationship existed between Renaissance Hotel Operating Company and National Decorating Service, Inc. in that National Decorating Service, Inc. entered into a contract and performed painting, resurfacing, and related work at the front, circular driveway leading to the premises where Plaintiff was allegedly injured.

17.    National Decorating Service, Inc. impliedly warranted that the work it agreed to perform would be completed in a workmanlike and reasonable manner.

18.    While Defendant/Third Party Plaintiff, Renaissance Hotel Operating Company, denies that it is liable for Plaintiffs' injuries and damages, in the alternative to those denials, Defendant/Third Party Plaintiff alleges that if any party to this litigation proves that Plaintiff's injuries and damages were caused, in whole or in part, by an unsafe condition of said driveway, then Renaissance Hotel Operating Company is entitled to indemnification from National

Decorating Service, Inc. because of National Decorating Service, Inc.'s failure to complete its work in a reasonably workmanlike manner.

19.     Defendant/Third Party Plaintiff denies any liability to the Plaintiff and denies that Plaintiff has been injured to the extent claimed.  However, if the Plaintiff is entitled to any recovery whatsoever, the Defendant/Third Party Plaintiff asserts that its liability would arise solely because of the aforesaid conduct of Third Party Defendant, National Decorating Service, Inc.

**WHEREFORE**, Defendant/Third Party Plaintiff, **Renaissance Hotel Operating Company**, prays that judgment be entered in its favor and against Third Party Defendant, **National Decorating Service, Inc.**, in an amount equal to the sum, which would represent the full amount of any judgment entered against Renaissance Hotel Operating Company plus costs of suit.

Respectfully submitted,

JOHNSON & BELL, LTD.


By:     /s/Robert M. Burke
        Robert M. Burke, one of the
        Attorneys for Renaissance
        Hotel Operating Company


ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No.: 06347