IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IK CHAN CHOI,<br><br>      Plaintiff,<br><br>vs.<br><br>RENAISSANCE HOTEL OPERATING COMPANY, a Corporation,<br><br><br>      Defendant.<br>_____<br>RENAISSANCE HOTEL OPERATING COMPANY,<br>      Third Party Plaintiff,<br><br>vs.<br><br>NATIONAL DECORATING SERVICE, INC.<br><br>      Third Party Defendant. | No: 08 C 3313<br><br>Judge: John F. Grady<br><br>Magistrate: Sidney I. Schenkier |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, IK CHAN CHOI, by his attorneys, PAVALON, GIFFORD & LAATSCH, and moves this Honorable Court for leave to file his Second Amended Complaint at Law instanter. In support of his motion, Plaintiff states as follows:

1. Plaintiff filed its original Complaint at Law against MARRIOTT CORPORATION on April 30, 2008.

2. Soon thereafter, Plaintiff learned that Defendant was incorrectly named and this Court granted Plaintiff leave to file its First Amended Complaint to reflect the Defendant's correct name.

3. Plaintiff filed its First Amended Complaint on July 21, 2008, naming

RENAISSANCE HOTEL OPERATING COMPANY as Defendant.

5.　　On August 15, 2008, Defendant filed a Third Party Complaint against NATIONAL DECORATING SERVICE, INC.

6.　　For the reasons stated in Defendant's Third Party Complaint, Plaintiff has learned that NATIONAL DECORATING SERVICE, INC. may be liable to Plaintiff for his injuries.

7.　　Plaintiff seeks leave to file its Second Amended Complaint, adding an additional Defendant, well within the applicable two (2) year statute of limitations.

WHEREFORE, Plaintiff, IK CHAN CHOI, prays that this Honorable Court grant it leave to file the attached Second Amended Complaint at Law instanter.

　　　　　　　　　　　　　　　　　　　　　　　　IK CHAN CHOI, Plaintiff


　　　　　　　　　　　　　　　　　BY:　　/s/ Kristin S. Feinstein
　　　　　　　　　　　　　　　　　　　　　One of Plaintiff's attorneys


PAVALON, GIFFORD & LAATSCH
2 N. LaSalle St, Suite 1600
Chicago, IL 60602
312-419-7400

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IK CHAN CHOI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No: 08 C 3313 |
| | ) | |
| RENAISSANCE HOTEL OPERATING COMPANY, a Corporation and NATIONAL DECORATING SERVICE, INC., a Corporation, | ) ) ) | Judge: John F. Grady |
| | ) | Magistrate: Sidney I. Schenkier |
| Defendants. | ) ) | |
| RENAISSANCE HOTEL OPERATING COMPANY, | ) ) | |
| Third Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| NATIONAL DECORATING SERVICE, INC. | ) ) | |
| Third Party Defendant. | ) | |

**SECOND AMENDED COMPLAINT AT LAW**

NOW COMES plaintiff, IK CHAN CHOI, leave of Court first had and duly obtained and files this Second Amended Complaint at Law and says:

**COUNT I**
**Negligence Claim Against Renaissance Hotel Operating Company**

1.   On and long prior to August 5, 2007, the defendant, RENAISSANCE HOTEL OPERATING COMPANY, owned, managed, operated, maintained and controlled, both directly and indirectly, individually and through its agents, servants and employees, a certain hotel known as the Renaissance Hotel Chicago, located at One West Wacker Drive in the City of Chicago,

County of Cook, in the State of Illinois.

2. That on or before August 5, 2007, defendant invited the general public, including the plaintiff, to use an outside circular driveway to enter and exit the hotel premises and for taxis to drop off and pick up hotel guests outside the hotel lobby.

3. That it then and there became and was the duty of the defendant, individually and by and through their agents, servants and employees, to keep the premises in a reasonably safe condition for the plaintiff and other persons lawfully in and about the hotel, and further, not to create or allow any dangerous conditions to exist on or about the premises.

4. That at the above time and place, plaintiff, IK CHAN CHOI, a taxicab driver, was lawfully on the subject premises, waiting in the circular driveway line, and assisting a fare paying customer into his taxicab.

5. That, disregarding its stated duty, defendant, RENAISSANCE HOTEL OPERATING COMPANY, by its agents, employees and servants, committed the following acts and omissions:

   a. failed to provide a good, safe, and proper place for plaintiff to be, use, and walk on.

   b. Failed to provide a good, safe and proper means of ingress and egress to and from the circle drive area into the hotel premises.

   c. Allowed and permitted the entrance to the premises to become and remain in a dangerous and slippery condition when it became wet.

   d. Failed to warn plaintiff and others of the dangerous, defective and slippery condition of the subject entryway.

6. That as a direct and proximate result of one or more of these negligent acts and/or omissions of defendant, by and through its agents, servants and employees, the plaintiff, IK CHAN CHOI, was caused to fall violently to the ground.

7. That as a direct and proximate result of this fall, the plaintiff, IK CHAN CHOI, has suffered severe, extensive and permanent injuries, both externally and internally, and was and will continue to be hindered in attending to his usual duties and affairs, and has lost and in the future will lose the value of this time. As a result of these injuries, plaintiff has become liable for large sums of medical bills and will expend or will become liable for additional medical bills in the future.

WHEREFORE, plaintiff, IK CHAN CHOI, asks for judgment against the defendant, RENAISSANCE HOTEL OPERATING COMPANY, for a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II

### Negligence Claim Against National Decorating Service, Inc.

1. On and long prior to August 5, 2007, the defendant, RENAISSANCE HOTEL OPERATING COMPANY, owned, managed, operated, maintained and controlled, both directly and indirectly, individually and through its agents, servants and employees, a certain hotel known as the Renaissance Hotel Chicago, located at One West Wacker Drive in the City of Chicago, County of Cook, in the State of Illinois.

2. That on or before August 5, 2007, defendant invited the general public, including the plaintiff, to use an outside circular driveway to enter and exit the hotel premises and for taxis to drop off and pick up hotel guests outside the hotel lobby.

3. That it then and there became and was the duty of the defendant, individually and by and through their agents, servants and employees, to keep the premises in a reasonably safe condition for the plaintiff and other persons lawfully in and about the hotel, and further, not to create or allow any dangerous conditions to exist on or about the premises.

4. That at the above time and place, plaintiff, IK CHAN CHOI, a taxicab driver, was lawfully on the subject premises, waiting in the circular driveway line, and assisting a fare paying customer into his taxicab.

5. That prior to said date, the defendant, NATIONAL DECORATING SERVICE, INC, a corporation, was retained by RENAISSANCE HOTEL OPERATING COMPANY to perform certain work on said driveway.

6. That between July 3, 2007 and July 9, 2007, NATIONAL DECORATING SERVICE, INC., repaired and resurfaced the driveway where plaintiff was standing and subsequently injured.

7. That on August 5, 2007, and prior thereto, the defendant, NATIONAL DECORATING SERVICE, INC., by its agents, employees and servants, committed the following acts and omissions:

   a. Negligently repaired and resurfaced the concrete circular driveway so that it became and remained in an unsafe and slippery condition.

   b. Carelessly and negligently failed to properly install or apply the surface treatment to the driveway.

   c. Carelessly and negligently failed to properly choose a safe surface treatment for the stamped concrete driveway.

   d. Failed to warn the Plaintiff and others of the said dangerous and unsafe condition of the driveway.

8. That as a direct and proximate result of one or more of these negligent acts and/or omissions of defendant, by and through its agents, servants and employees, the plaintiff, IK CHAN CHOI, was caused to fall violently to the ground.

9. That as a direct and proximate result of this fall, the plaintiff, IK CHAN CHOI, has suffered severe, extensive and permanent injuries, both externally and internally, and was and

will continue to be hindered in attending to his usual duties and affairs, and has lost and in the future will lose the value of this time. As a result of these injuries, plaintiff has become liable for large sums of medical bills and will expend or will become liable for additional medical bills in the future.

WHEREFORE, plaintiff, IK CHAN CHOI, asks for judgment against the defendant, NATIONAL DECORATING SERVICE, INC., for a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

                                               IK CHAN CHOI, Plaintiff

BY:    <u>s/s Kristin S. Feinstein</u>
          One of Plaintiff's Attorneys

PAVALON, GIFFORD & LAATSCH
Two North LaSalle Street, Suite 1600
Chicago, IL 60602
312-419-7400